UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE LUKE ANTHONY FURLER | 24 Misc. 479 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

Petitioner Luke Anthony Furler ("petitioner"), as Liquidator of Malaysian-based City Credit Investment Bank Limited (the "Bank"), initiated this matter as an *ex parte* petition for judicial assistance pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding. Dkt. 1. Under § 1782, a district court may grant a petition for judicial assistance to foreign litigants or tribunals where "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (citation omitted).

Once a court is satisfied that these statutory requirements are met, it "is free to grant discovery in its discretion." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83–84 (2d Cir. 2004) (internal quotations omitted). To help guide this discretion, in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), "the Supreme Court identified four additional 'factors that bear consideration in ruling on a § 1782(a) request.'" *Mees*, 793 F.3d at 298 (quoting *Intel*, 542 U.S. at 264). These "Intel factors" are:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings

underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome."

*Id.* (quoting *Intel*, 542 U.S. at 264–65).

As part of the application for discovery, petitioner provided the Court with proposed subpoenas for financial records. *See* Dkt.1, Exs 2–3. However, they all are addressed to Citibank, N.A., as opposed to the several financial entities listed in petitioner's affidavit, Dkt. 11 ¶ 2, and memorandum of law, Dkt. 1 at 1. They additionally lack detail as to what specific materials are being requested and for which time periods.

The Court cannot conduct its discretionary inquiry, guided by the *Intel* factors, absent more information. Accordingly, the Court directs petitioner to file an amended motion with revised subpoenas that specify which documents are being requested, for which time periods, and for which accounts. Petitioner is further directed to file a more particularized proposed order that incorporates those details.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: November 14, 2024
New York, New York

2